IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 7:22-660 |
| | |
| | 18 U.S.C. § 2 |
| | 18 U.S.C. § 922(g)(1) |
| vs. | 18 U.S.C. § 924(a)(2) |
| | 18 U.S.C. § 924(c)(1)(A)(i) |
| | 18 U.S.C. § 924(e) |
| | 18 U.S.C. § 924(d)(1) |
| | 18 U.S.C. § 1956(a)(1)(A)(i) |
| | 18 U.S.C. § 1956(a)(1)(B)(i) |
| | 18 U.S.C. § 1956(h) |
| | 21 U.S.C. § 802 |
| | 21 U.S.C. § 841(a)(1) |
| | 21 U.S.C. § 841(b)(1)(A) |
| | 21 U.S.C. § 841(b)(1)(B) |
| | 21 U.S.C. § 841(b)(1)(C) |
| **TONNY LEE FREEMAN** | 21 U.S.C. § 841(b)(1)(D) |
| **FREDDY LEONEL REYES-MARTINEZ** | 21 U.S.C. § 843(b) |
| | 21 U.S.C. § 844(a) |
| **SELENA MOLINA PALACIOS** | 21 U.S.C. § 846 |
| **FREDDIE JAMES GARCIA** | 21 U.S.C. § 851 |
| **DAVID HARGROVE, JR.** | 21 U.S.C. § 853 |
| **JOHNNY HAROLD MILLER** | 21 U.S.C. § 881 |
| **JAMES LAMAR KERSHAW** | 28 U.S.C. § 2461(c) |
| **LARRY EARL McCRARY** | |
| **JOHN LEWIS BARBER** | |
| **JASMINE DIRTON** | **SEALED INDICTMENT** |

**COUNT 1**
*(Drug Distribution Conspiracy)*

**THE GRAND JURY CHARGES:**

That beginning at a time unknown to the grand jury, but beginning at least in or around

August 2021, and continuing thereafter, up to and including the date of this Indictment, in the

District of South Carolina and elsewhere, the Defendants, **TONNY LEE FREEMAN**, **FREDDY**

**LEONEL REYES-MARTINEZ,**                    **SELENA MOLINA PALACIOS,**

**FREDDIE JAMES GARCIA**, **DAVID HARGROVE, JR., JOHNNY HAROLD MILLER,**

**JAMES LAMAR KERSHAW**, **LARRY EARL McCRARY**, **JOHN LEWIS BARBER**, and **JASMINE DIRTON**, knowingly and intentionally did combine, conspire, agree and have tacit understanding with each other and with others, both known and unknown to the grand jury, to knowingly, intentionally, and unlawfully possess with intent to distribute and distribute heroin and marijuana, both Schedule I controlled substances, and cocaine, a Schedule II controlled substance.

a. With respect to **TONNY LEE FREEMAN**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is one kilogram or more of a mixture or substance containing a detectable amount of heroin and a quantity of marijuana, both Schedule I controlled substances, and five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(D);

b. With respect to **FREDDY LEONEL REYES-MARTINEZ**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

c. With respect to ⬛ the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B);

2

d.  With respect to **SELENA MOLINA PALACIOS**, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

e.  With respect to **FREDDIE JAMES GARCIA**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

f.  With respect to **DAVID HARGROVE, JR.**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);

g.  With respect to **JOHNNY HAROLD MILLER**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of heroin and marijuana, both Schedule I controlled substances, and five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 841(b)(1)(D);

h.  With respect to **JAMES LAMAR KERSHAW**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of marijuana, a Schedule I controlled substance, and a quantity of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D);

i.  With respect to **LARRY EARL McCRARY**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is 100 grams or more of a mixture or substance containing a detectable amount of heroin and a quantity of marijuana, both Schedule I controlled substances, and 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 841(b)(1)(D);

j.  With respect to **JOHN LEWIS BARBER**, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and

k.  With respect to **JASMINE DIRTON**, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is a quantity marijuana, a Schedule I controlled substance, and a quantity of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D);

All in violation of Title 21, United States Code, Section 846.

## COUNT 2
*(Distribution of Heroin)*

**THE GRAND JURY FURTHER CHARGES:**

That on or about September 30, 2021, in the District of South Carolina, the Defendant, **TONNY LEE FREEMAN**, knowingly, intentionally, and unlawfully did possess with intent to distribute and did distribute a quantity of heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 3
*(Distribution of Heroin)*

**THE GRAND JURY FURTHER CHARGES:**

That on or about November 9, 2021, in the District of South Carolina, the Defendant, **TONNY LEE FREEMAN**, knowingly, intentionally, and unlawfully did possess with intent to distribute and did distribute a quantity of heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 4
*(Distribution of Cocaine)*

**THE GRAND JURY FURTHER CHARGES:**

That on or about May 28, 2022, in the District of South Carolina, the Defendants, **SELENA MOLINA PALACIOS** and **FREDDIE JAMES GARCIA**, knowingly, intentionally, and unlawfully did possess with intent to distribute and did distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did aid and abet each other in the aforesaid offense;

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and Title 18, United States Code, Section 2.

5

## COUNT 5
*(Distribution of Cocaine)*

**THE GRAND JURY FURTHER CHARGES:**

That on or about May 29, 2022, in the District of South Carolina, the Defendants, **SELENA MOLINA PALACIOS** and **FREDDIE JAMES GARCIA**, knowingly, intentionally, and unlawfully did possess with intent to distribute and did distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did aid and abet each other in the aforesaid offense;

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 6
*(Felon in Possession of Firearms and Ammunition)*

**THE GRAND JURY FURTHER CHARGES:**

That on or about May 31, 2022, in the District of South Carolina, the Defendant, **TONNY LEE FREEMAN**, knowingly possessed firearms and ammunition in and affecting interstate commerce, to wit, a Charter Arms .44 caliber revolver, a Taurus, model PT111 G2, 9mm pistol, a Taurus .357 caliber revolver, and a Sig Sauer, model P250, 9mm pistol, .44 caliber ammunition, .357 caliber ammunition, and 9mm ammunition, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year and knowing that he had been convicted of such a crime.

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e).

## COUNT 7
*(Possession with Intent to Distribute Heroin, Cocaine, and Marijuana)*

**THE GRAND JURY FURTHER CHARGES:**

That on or about May 31, 2022, in the District of South Carolina, the Defendant, **TONNY LEE FREEMAN**, knowingly, intentionally, and unlawfully did possess with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin and a quantity of marijuana, both Schedule I controlled substances, and five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(D).

## COUNT 8
*(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)*

**THE GRAND JURY FURTHER CHARGES:**

That on or about May 31, 2022, in the District of South Carolina, the Defendant, **TONNY LEE FREEMAN**, knowingly possessed a firearm in furtherance of a drug trafficking crime, as alleged in Count 7, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

7

## COUNT 9
*(Felon in Possession of Firearms and Ammunition)*

**THE GRAND JURY FURTHER CHARGES:**

That on or about May 31, 2022, in the District of South Carolina, the Defendant, **JOHNNY HAROLD MILLER**, knowingly possessed firearms and ammunition in and affecting interstate commerce, to wit, a Kel-Tec 9mm pistol, a Beretta 6.35mm pistol, 9mm ammunition, .38 caliber ammunition, .380 caliber ammunition, .380 ACP ammunition, and .25 caliber ammunition, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year and knowing that he had been convicted of such a crime.

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e).

## COUNT 10
*(Possession with Intent to Distribute Marijuana)*

**THE GRAND JURY FURTHER CHARGES:**

That on or about May 31, 2022, in the District of South Carolina, the Defendant, **JOHNNY HAROLD MILLER**, knowingly, intentionally, and unlawfully did possess with intent to distribute a quantity of marijuana, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

## COUNT 11
*(Possession of Heroin)*

**THE GRAND JURY FURTHER CHARGES:**

That on or about May 31, 2022, in the District of South Carolina, the Defendant, **JOHNNY HAROLD MILLER**, knowingly, intentionally, and unlawfully did possess a quantity of heroin, a Schedule I controlled substance;

In violation of Title 21, United States Code, Section 844(a).

## COUNT 12
*(Felon in Possession of a Firearm and Ammunition)*

**THE GRAND JURY FURTHER CHARGES:**

That on or about May 31, 2022, in the District of South Carolina, the Defendant, **JAMES LAMAR KERSHAW**, knowingly possessed a firearm and ammunition in and affecting interstate commerce, to wit, a Beretta, model U22, .22 caliber pistol and .22 caliber ammunition, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year and knowing that he had been convicted of such a crime.

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e).

## COUNT 13
*(Possession with Intent to Distribute Marijuana)*

**THE GRAND JURY FURTHER CHARGES:**

That on or about May 31, 2022, in the District of South Carolina, the Defendant, **JAMES LAMAR KERSHAW**, knowingly, intentionally, and unlawfully did possess with intent to distribute a quantity of marijuana, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

## COUNT 14
*(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)*

**THE GRAND JURY FURTHER CHARGES:**

That on or about May 31, 2022, in the District of South Carolina, the Defendant, **JAMES LAMAR KERSHAW**, knowingly possessed a firearm in furtherance of a drug trafficking crime, as alleged in Count 13, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

7:22-cr-00660-CRI *SEALED*   Date Filed 07/20/22   Entry Number 3   Page 10 of 22
7:22-cr-00660-HMH      Date Filed 08/01/22   Entry Number 124   Page 10 of 22

## COUNT 15
*(Felon in Possession of Firearms and Ammunition)*

**THE GRAND JURY FURTHER CHARGES:**

That on or about May 31, 2022, in the District of South Carolina, the Defendant, **LARRY EARL McCRARY**, knowingly possessed firearms and ammunition in and affecting interstate commerce, to wit, a FEG, model PJK-9HP, 9mm pistol, a Smith & Wesson .38 caliber revolver, 9mm ammunition, and .38 caliber ammunition, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year and knowing that he had been convicted of such a crime.

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e).

## COUNT 16
*(Possession with Intent to Distribute Heroin, Cocaine, and Marijuana)*

**THE GRAND JURY FURTHER CHARGES:**

That on or about May 31, 2022, in the District of South Carolina, the Defendant, **LARRY EARL McCRARY**, knowingly, intentionally, and unlawfully did possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin and a quantity of marijuana, both Schedule I controlled substances, and 500 grams or more of a mixture or quantity containing a detectable amount of cocaine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 841(b)(1)(D).

## COUNT 17
*(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)*

**THE GRAND JURY FURTHER CHARGES:**

That on or about May 31, 2022, in the District of South Carolina, the Defendant, **LARRY EARL McCRARY**, knowingly possessed a firearm in furtherance of a drug trafficking crime, as alleged in Count 16, which is prosecutable in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 18
*(Conspiracy to Commit Money Laundering)*

**THE GRAND JURY FURTHER CHARGES:**

That beginning at a time unknown to the grand jury, but beginning at least in or around August 2021, and continuing thereafter, through on or about May 31, 2022, in the District of South Carolina, the Defendants, **TONNY LEE FREEMAN** and **JOHNNY HAROLD MILLER**, were engaged in a heroin, cocaine, and marijuana distribution conspiracy in violation of Title 21, United States Code, Sections 841 and 846.

As part of this conspiracy, Defendant **TONNY LEE FREEMAN** would purchase significant quantities of heroin and marijuana, both Schedule I controlled substances, and cocaine, a Schedule II controlled substance, from various drug suppliers located in multiple states. Defendant **TONNY LEE FREEMAN** would often purchase kilograms of heroin, cocaine, and marijuana using proceeds derived from his previous sales of controlled substances. Defendant **TONNY LEE FREEMAN** would supply Defendant **JOHNNY HAROLD MILLER** and others, both known and unknown to the grand jury, with heroin, cocaine, and marijuana that Defendant **JOHNNY HAROLD MILLER** would then himself sell.

11

Defendants, **TONNY LEE FREEMAN** and **JOHNNY HAROLD MILLER**, also owned a business together, Freeman & Miller LLC. As part of their scheme and plan, the Defendants, **TONNY LEE FREEMAN** and **JOHNNY HAROLD MILLER**, would use proceeds earned through the unlawful sale of controlled substances to make renovations and repairs to assets of Freeman & Miller LLC in the District of South Carolina.

As a result, during the relevant time period, in the District of South Carolina, the Defendants, **TONNY LEE FREEMAN** and **JOHNNY HAROLD MILLER**, knowingly and willfully did combine, conspire, agree, and have tacit understanding with each other

(a)    to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which in fact involved the proceeds of a specified unlawful activity, that is, drug trafficking in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and further knowing that the transactions were intended to promote the carrying on of a specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(b)    to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which in fact involved the proceeds of a specified unlawful activity, that is, drug trafficking in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and further knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the property, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 19–28
*(Using a Communication Facility to Commit a Drug Felony)*

**THE GRAND JURY FURTHER CHARGES:**

That on or about the dates set forth below, in the District of South Carolina and elsewhere, the Defendants, as principals, as aiders and abettors and co-participants in jointly undertaken criminal activity, knowingly and intentionally did use the telephone to facilitate the commission of a felony under the Controlled Substances Act, that is, conspiracy to possess with intent to distribute and possession with intent to distribute heroin and marijuana, both Schedule I controlled substances, and cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846;

| COUNT | DATE(S) | DEFENDANT(S) |
|---|---|---|
| **19** | April 9, 2022 | **TONNY LEE FREEMAN** and **JOHN LEWIS BARBER** |
| **20** | April 13, 2022 | **TONNY LEE FREEMAN** and **JAMES LAMAR KERSHAW** |
| **21** | April 23, 2022 | **TONNY LEE FREEMAN** and **FREDDY LEONEL REYES-MARTINEZ** |
| **22** | May 1, 2022 | **TONNY LEE FREEMAN** and **DAVID HARGROVE, JR.** |
| **23** | May 1, 2022 | **TONNY LEE FREEMAN** and **JOHNNY HAROLD MILLER** |

| 24 | May 7, 2022 | **TONNY LEE FREEMAN** and **JASMINE DIRTON** |
| 25 | May 8, 2022 | **FREDDY LEONEL REYES-MARTINEZ** and ███████████ |
| 26 | May 21, 2022 | **TONNY LEE FREEMAN** and **LARRY EARL McCRARY** |
| 27 | May 26, 2022 | **TONNY LEE FREEMAN** and **SELENA MOLINA PALACIOS** |
| 28 | May 28, 2022 | **SELENA MOLINA PALACIOS** and **FREDDIE JAMES GARCIA** |

All in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

14

## **FORFEITURE**

DRUG/FIREARM OFFENSES:

Upon conviction for felony violation of Title 18 and Title 21, United States Code, as charged in this Indictment, the Defendants, **TONNY LEE FREEMAN**, **FREDDY LEONEL REYES-MARTINEZ,** ▮▮▮▮▮▮▮ **SELENA MOLINA PALACIOS**, **FREDDIE JAMES GARCIA, DAVID HARGROVE, JR., JOHNNY HAROLD MILLER, JAMES LAMAR KERSHAW, LARRY EARL McCRARY, JOHN LEWIS BARBER,** and **JASMINE DIRTON**, shall forfeit to the United States all of the Defendants' right, title, and interest in and to any property, real and personal,

(a)   constituting, or derived from any proceeds the Defendants obtained, directly or indirectly, as the result of such violation(s) of Title 21, United States Code, and all property traceable to such property;

(b)   used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations of Title 21, United States Code;

(c)   any firearms and ammunition (as defined in 18 U.S.C. § 921) –

(1)   used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of controlled substances or any proceeds traceable to such property;

(2)   involved in or used in any knowing violations of 18 U.S.C. §§ 922 and 924, or violation of any other criminal law of the United States, or intended to be used in a crime of violence.

MONEY LAUNDERING:

Upon conviction for violation of Title 18, United States Code 1956, as charged in this Indictment, the Defendants, **TONNY LEE FREEMAN** and **JOHNNY HAROLD MILLER,** shall forfeit to the United States any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, as charged in the Indictment, or any property traceable to the offenses.

15

PROPERTY:

Pursuant to Title 18, United States Code, Sections 924(d)(1) and 982(a)(1), Title 21, United

States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), the property

which is subject to forfeiture upon conviction of the Defendants for offenses charged in this

Indictment includes, but is not limited to, the following:

    A.    <u>Firearms</u>:

        (a)    Charter Arms .44 caliber revolver with ammunition
                Serial Number: 273078
                Seized from: Tonny Lee Freeman
                Asset ID: 22-DEA-692563

        (b)    Taurus, model PT111 G2, 9mm pistol with magazine and
                ammunition
                Serial Number: TKM57183
                Seized from: Tonny Lee Freeman
                Asset ID: 22-DEA-692560

        (c)    Taurus .357 caliber revolver with ammunition
                Serial Number: DN110835
                Seized from: Tonny Lee Freeman
                Asset ID: 22-DEA-692562

        (d)    Kel-Tec 9mm pistol with magazine and ammunition
                Serial Number: AA1Y50
                Seized from: Johnny H. Miller
                Asset ID: 22-DEA-692541

        (e)    Baretta 6.35mm pistol with magazine and ammunition
                Serial Number: 84152A
                Seized from: Johnny H. Miller
                Asset ID: 22-DEA-692594

        (f)    Baretta, model U11, .22 caliber pistol with magazines and
                ammunition
                Serial Number: P70937
                Seized from: James Lamar Kershaw
                Asset ID: 22-DEA-692559

(g)     FEG, model PJK-9HP, 9mm pistol with magazine and ammunition
Serial Number: B09545
Seized from: Larry Earl McCrary
Asset ID: 22-DEA-692580

(h)     Smith & Wesson .38 caliber revolver with ammunition
Serial Number: J346259
Seized from: Larry Earl McCrary
Asset ID: 22-DEA-692578

B.     <u>Proceeds/Forfeiture Judgment</u>:

A sum of money equal to all property the Defendants obtained as a result of the drug offenses charged in the Indictment, and all interest and proceeds traceable thereto as a result of their violation of 21 U.S.C. §§ 841 and 846.

C.     <u>Money Laundering/Forfeiture Judgment</u>:

A sum of money equal to all property involved in the money laundering offenses charged in the Indictment, and all interest and proceeds traceable thereto, for which the Defendants are liable as the result of their violation of 18 U.S.C. § 1956.

D.     <u>Vehicles</u>:

(a)     2015 EZ-GO Golf Cart
VIN: 1164264
Seized from: Applied Nitrous Technology, Inc.
Asset ID: 22-DEA-693160

(b)     1968 Chevrolet Camaro Race Car
VIN: 123377N229556
Seized from: Applied Nitrous Technology, Inc.
Asset ID: 22-DEA-693158

(c)     2015 Continental Cargo Trailer
VIN: 5NHUAMK37FU329211
Seized from: Applied Nitrous Technology, Inc.
Asset ID: 22-DEA-693151

(d)     2018 Lexus LC500
VIN: JTHHP5AY0JA004527
Seized from: Larry Earl McCrary
Asset ID: 22-DEA-692916

    (e)    2016 Dodge Charger
              VIN: 2C3CDXGJ0GH258327
              Seized from: Tonny Lee Freeman
              Asset ID: 22-DEA-692854

    (f)    1996 Chevrolet Caprice/Impala
              VIN: 1G1BL52P8TR119995
              Seized from: Tonny Lee Freeman
              Asset ID: 22-DEA-692851

    (g)    2019 Chevrolet Impala
              VIN: 1G1105S39KU146670
              Seized from: Tonny Lee Freeman
              Asset ID: 22-DEA-692838

    (h)    1997 Chevrolet Camaro
              VIN: 2G1FP22PXV2107650
              Seized from: Tonny Lee Freeman
              Asset ID: 22-DEA-692765

    (i)    2018 Jeep Grand Cherokee
              VIN: 1C4RJFN90JC422249
              Seized from: Tonny Lee Freeman
              Asset ID: 22-DEA-692763

    (j)    2007 Ford F650
              VIN: 3FRNX65F17V394162
              Seized from: Johnny H. Miller
              Asset ID: 22-DEA-692761

E.    <u>Bank Accounts:</u>

    (a)    $51,332.11, representing funds from Bank of America
              Account Number: x1165
              Seized from: Tonny Lee Freeman
              Asset ID: 22-DEA-693096

    (b)    $137,712.82. representing funds from United Bank
              Account Number: x0710
              Seized from: Freeman & Miller, LLC
              Asset ID: 22-DEA-693093

    (c)    $88,036.54, representing funds from United Bank
              Account Number: x3190
              Seized from: Johnny H. Miller
              Asset ID: 22-DEA-693084

F.    Jewelry:

(7) Assorted Jewelry, Value $140,906.00
Seized from: Tonny Lee Freeman
Asset ID: 22-DEA-692776

G.    Cash/United States Currency:

(a)    $8,000.00 in U.S. Currency
Seized from: Larry Earl McCrary
Asset ID: 22-DEA-692728

(b)    $107,759.00 in U.S. Currency
Seized from: Tonny Lee Freeman
Asset ID: 22-DEA-692715

(c)    $99,860.00 in U.S. Currency
Seized from: Tonny Lee Freeman
Asset ID: 22-DEA-692671

(d)    $135,481.00 in U.S. Currency
Seized from: Johnny Harold Miller and Avery W.
Miller
Asset ID: 22-DEA-692536

(e)    $399,320.00 in U.S. Currency
Seized from: David Hargrove, Jr.
Asset ID: 22-DEA-691355

SUBSTITUTION OF ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act

or omission of the Defendants:

(a)    cannot be located upon the exercise of due diligence;
(b)    has been transferred or sold to, or deposited with, a third person;
(c)    has been placed beyond the jurisdiction of the Court;
(d)    has been substantially diminished in value; or
(e)    has been commingled with other property which cannot be subdivided
without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendants up to an amount equivalent to the value of the above-described forfeitable property;

Pursuant to Title 18, United States Code, Sections 924(d)(1) and 982(a)(1), Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c).

## SENTENCING ENHANCEMENT PROVISIONS

THE GRAND JURY FURTHER CHARGES:

The Defendant, **TONNY LEE FREEMAN**, prior to committing the violations contained in this Indictment, had the following conviction(s) for a serious drug felony and/or a serious violent felony, pursuant to Title 21, United States Code, Sections 802(57) and (58), that had become final for the purposes of Title 21, United States Code, Section 841:

1. **TONNY LEE FREEMAN**

    a. June 25, 2008: a conviction for a serious drug felony in the District of South Carolina, under criminal case number 6:06-cr-00998, for which the Defendant served more than 12 months in prison and for which the Defendant was released within 15 years of the commencement of the offenses charged in Counts 1, 2, 3, and 7 of this Indictment.

All in violation of Title 21, United States Code, Sections 802, 841, and 851.

A _Tave_ _____ BILL



FOREPERSON

COREY F. ELLIS
UNITED STATES ATTORNEY

By: _____
Justin W. Holloway (Fed. ID # 11684)
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, SC 29601
Tel.:    864-268-2100
Fax:    864-233-3158
Email: Justin.Holloway@usdoj.gov